**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RONALD G. DRIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-1959 |
| | ) | Chief Judge Crenshaw |
| **PRO AG MANAGEMENT, INC., d/b/a** | ) | |
| **PRODUCERS AG INS – LEXINGTON** | ) | |
| **and ARMTECH INSURANCE** | ) | |
| **SERVICES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

After this Court entered an Order (Doc. No. 51) granting Ronald G. Driver's Motion to Compel Arbitration (Doc. No. 42) and Pro Ag Management, Inc.'s ("Pro Ag") Motion to Stay Pending Completion of Arbitration (Doc. No. 39), Driver filed a Motion to Dismiss With Prejudice (Doc. No. 52). The basis for that Motion is that he has settled with Defendants.

In response, ARMtech Insurance Services, Inc. ("ARMtech") "admits that [Driver] has entered into separate written settlement agreements with each Defendant thereby fully and finally resolving all claims asserted in Driver's Complaint." (Doc. No. 56 at 1). ARMtech insists, however, that its "assertion of comparative fault against its Co-Defendant for negligence constitutes a still pending claim in this lawsuit." (Id.).

ARMtech's use of the term "assertion of comparative fault" is telling. In its Answer, ARMtech alleges, as an affirmative defense, the following:

> 4. The sole proximate cause or proximate contributing cause of Plaintiff's losses or damages, if any, was the Plaintiff's own negligent or intentional acts or omissions, which are pled as a complete bar to recovery or in diminution thereof. Alternatively, the sole proximate cause or proximate contributing cause of Plaintiff's losses or damages, if any, was Pro Ag's negligent or intentional acts or omissions, which are

pled as a complete bar to recovery or in diminution thereof.

(Doc. No. 25 at 9, ¶ 4).

Under Rule 13(g) of the Federal Rules of Civil Procedure, "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim [and] may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed. R. Civ. P. 13(g). An affirmative defense, however, is not a "claim" for relief. Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co., 771 F.3d 391, 401 (7th Cir. 2014); Mintzer v. Lester, 51 F. App'x 929, 930 (5th Cir. 2002); Bruegge v. Metro. Prop. & Cas. Ins. Co., No. 13-CV-1256-JPG-DGW, 2014 WL 2582749, at *1 (S.D. Ill. June 9, 2014); Dougan v. Armitage Plumbing, LLC, No. 6:11-CV-1409-ORL-22, 2011 WL 5983352, at *1 (M.D. Fla. Nov. 14, 2011), report and recommendation adopted, No. 6:11-CV-1409-ORL-22, 2011 WL 5983344 (M.D. Fla. Nov. 29, 2011) J & J Sports Prods., Inc. v. Mendoza-Govan, No. C 10-05123 WHA, 2011 WL 1544886, at *7 (N.D. Cal. Apr. 25, 2011); Ash Grove Cement Co. v. MMR Constructors, Inc., No. 4:10-CV-04069, 2011 WL 3811445, at *2 (W.D. Ark. Aug. 29, 2011). Instead, it is "a defense to a claim for relief, and, therefore, it does not provide an avenue for an award of damages." Militello v. Allstate Prop. & Cas. Ins. Co., No. 1:14-CV-0240, 2016 WL 3254144, at *3 (M.D. Pa. June 14, 2016) (collecting cases); see also, Akiachak Native Cmty. v. United States Dep't of Interior, 827 F.3d 100, 107 (D.C. Cir. 2016) ("Under Federal Rule of Civil Procedure 8(c), however, affirmative defenses made '[i]n respon[se] to a pleading' are not themselves claims for relief."); Philadelphia Indem., 771 F.3d at 401 (citing Illinois law) ("A counterclaim differs from an answer or affirmative defense. A counterclaim is used when seeking

affirmative relief, while an answer or affirmative defense seeks to defeat a plaintiff's claim.").

ARMtech is correct that, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleadings and leave to do so should "be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). This neglects to consider, however, that ARMtech has made no such request. It also neglects to consider that "after the deadline for amendments in the scheduling order has passed, Rule 15(a)'s instruction for leave to be 'freely given' must be read in conjunction with Rule 16's requirement that amendment of a scheduling order must only be made upon a showing of good cause and leave of the court." Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 835 (6th Cir. 2005) (citing Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003)). Here, the Case Management Order (Doc. No. 36) set a May 1, 2017 deadline for amending pleadings, and none were filed.

As it stands, the only "claims for relief" before the Court were those presented by Driver in his Complaint and, by all accounts, those claims have been resolved. Accordingly, the Motion to Dismiss With Prejudice (Doc. No. 52) is hereby **GRANTED**, and the Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE